E-Filed: **4/7/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Lee Jenson,** | CASE NO. CV 06-1064-GHK |
| Petitioner, | |
| v. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| **D. Sisto,** | |
| Respondent. | |

This matter[1] is before the Court on Petitioner James Lee Jenson's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On May 11, 2006, Petitioner filed the Petition alleging that he was deprived of his due process liberty interest when the now Board of Parole Hearings ("Board") denied him parole in 2005. On August 18, 2006, Respondent Robert Horel ("Respondent"), Acting Warden at San Quentin State Prison, filed an Answer. On August 26, 2006, Petitioner filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this

---

[1] Although Petitioner named Robert Horel as the Respondent in his Petition, the correct Respondent is D. Sisto, Acting Warden of California State Prison, Solano.

matter appropriate for resolution without oral argument.[2]  L.R. 78-230(h).  The parties are familiar with the facts in this case, so they will be repeated only as necessary.

## I. Petitioner's Liberty Interest In Parole and Our Standard of Review

Respondent argues that California prisoners do not have a constitutionally protected liberty interest in a parole date.  Respondent is incorrect.  The Ninth Circuit, interpreting California law, has held that California prisoners have a constitutionally protected liberty interest in a parole date which cannot be deprived without due process of law.  *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *see also Irons v. Carey*, 505 F.3d 846, 850–51 (9th Cir. 2007).  Petitioner's claim that the Board's denial of parole deprived him of due process is cognizable on this Petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Superior Court's decision[3] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State

---

[2] On June 2, 2008, Magistrate Judge Gregory G. Hollows issued an Order to Show Cause as to why this action should not be stayed pending a *en banc* decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008).  On June 4, 2008 Petitioner filed a non-opposition to such a stay.  On June 10, 2008, Respondent also agreed that a stay is appropriate.  However, a stay was never issued.  A stay in this case would not be appropriate, given that the stay could be indefinite, and potentially lengthy, especially if *Hayward* is subsequently appealed to the Supreme Court. *See Yong v. I.N.S*, 208 F.3d 1116, 1120–21 (9th Cir. 2000) (holding that stay pending parallel appeal was inappropriate in habeas case because stay was indefinite and potentially lengthy).  Moreover, the facts in *Hayward* are sufficiently distinguishable from this case that a decision in *Hayward* would not necessarily resolve the issues present here.  *See Hayward*, 512 F.3d at 543–547 (vacated and rehearing *en banc* granted  527 F.3d 797, 797 (9th Cir. 2008)).

[3] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

court proceeding." 28 U.S.C. § 2254(d); *Sass*, 461 F.3d at 1127.

Respondent contends that use of the "some evidence" standard in the parole context is not clearly established by the Supreme Court for purposes of AEDPA. The Ninth Circuit has rejected this argument. *Sass*, 461 F.3d at 1128–29. In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* at 454 (internal citations omitted). Although the Supreme Court has not specifically identified what standard should be used in the parole context, it follows from *Hill* that due process must be satisfied and the "some evidence" standard is a minimal standard. To hold that less than the "some evidence" standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest–that in parole–without support or in an otherwise arbitrary manner. *Sass*, 461 F.3d at 1128–29. Therefore, the some-evidence standard applies in parole denial hearings. *Id.*

## II. Discussion

To determine whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [factfinder]," which in this case is the Board. *Hill*, 472 U.S. at 455–56. However, evidence underlying the Board's decision must have some indicia of reliability. *Jacsek v. Or. Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Hodge v. Carey*, 2007 WL 163247, at *7 (E.D. Cal. Jan. 18, 2007). Here, the ultimate conclusion reached by the Board is not whether each parole suitability factor is met, but whether or not a prisoner's release on parole will "pose an unreasonable risk of danger to society if [the prisoner is] released from prison." *See In re Dannenberg*, 34 Cal. 4th 1061, 1080 (2005); Cal. Admin. Code § 2402(a).

Petitioner contends that the Board's continuing reliance on unchanging factors, i.e.,

the nature of his offense and his pre-offense conduct, violates his due process rights. In *Biggs v. Terhune* and *Sass*, the Ninth Circuit addressed the effect of continued denial of parole based solely on unchanging factors, such as the inmate's commitment offense. *See Biggs*, 334 F.3d 910, 917 (9th Cir. 2003); *Sass*, 461 F.3d at 1129. In *Biggs*, the court stated, in dicta, that "continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." 334 F.3d at 917.

This point was clarified in *Irons v. Carey*. In *Irons*, the district court granted a habeas petition challenging the parole board's fifth denial of parole where the petitioner had served sixteen years of a seventeen years to life sentence for second degree murder with a two-year enhancement for use of a firearm, and where all other factors indicated suitability for parole; however, the Ninth Circuit reversed. 505 F.3d 846, 849, 854 (9th Cir. 2007). The Ninth Circuit stated:

> We note that in all the cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence. Specifically, in *Biggs*, *Sass*, and here, the petitioners had not served the minimum number of years to which they had been sentenced at the time of the challenged parole denial by the Board. *Biggs*, 334 F.3d at 912; *Sass*, 461 F.3d at 1125. All we held in those cases and all we hold today, therefore, is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms

*Irons*, 505 F.3 at 853-54. The court recognized, however, that at some point after an inmate has served his minimum sentence, the probative value of his commitment offense as an indicator of an unreasonable risk of danger to society recedes below the "some evidence" required by due process to support a denial of parole. *Id*. at 854. Therefore,

unchangeable factors cannot, at some point, be the sole justification for the denial of parole.

Here, although Petitioner has recently exceeded the minimum term of fifteen years for his second degree murder conviction, he has not been denied parole based on unchanging factors for so long that his due process rights have been violated. While it is true that Petitioner has made great strides while in prison, it was only in 2004 that Petitioner satisfied his minimum prison term. Given the particularly heinous nature of Petitioner's crime, the less than resounding endorsement of parole by Dr. Preston Davis in 2004, and the fact that the Board determined that Petitioner has not sufficiently participated in beneficial self-help or therapy programs, we find that there was some reliable evidence for the Board's conclusion that Petitioner is currently unsuitable for parole, and therefore, Petitioner's Petition is denied. At some point, the Board's continued reliance solely on unchanging factors may, in fact, violate Petitioner's right to due process. However, at this point, Petitioner's due process rights are not violated.[4]

### III. Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED**.

DATED: April 7, 2009

$\underline{\hspace{2in}}$
GEORGE H. KING
United States District Judge[5]

---

[4] Petitioner's argument that his plea agreement was violated is also rejected. Petitioner pled guilty to second degree murder, knowing that it had a sentence of fifteen years to life. Petitioner cannot now claim that he did not know that he could, in fact, be imprisoned for life based on his conviction.

[5] United States District Judge for the Central District of California sitting by designation.